IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONTA N. CHANCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1237-BH |
| | § | |
| AURORA LOAN SERVICES, L.L.C., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

By order filed August 8, 2011, this matter has been transferred for the conduct of all further proceedings and the entry of judgment.  Before the Court are *Defendant Cal-Western Reconveyance Corporation's Motion to Dismiss and Brief in Support*, filed August 12, 2011 (doc. 13), and *Defendants Aurora Loan Services, LLC, Mortgage Electronic Registration Systems, Inc. & Cal-Western Reconveyance Corporations' Motion to Dismiss for Failure to State a Claim; and Brief in Support Thereof*, filed August 29, 2011 (doc. 15).  Based on the relevant filings and applicable law, the defendants' joint motion to dismiss for failure to state a claim is **GRANTED**, and Cal-Western Reconveyance Corporation's motion to dismiss is **DENIED as moot**.

## I.  BACKGROUND

This *pro se* action involves real property located at 3424 Softcloud, Dallas, Texas 75241 (the property).  (doc. 1 at 25.)  Plaintiff, Monta N. Chance, initially filed this action in the 95th Judicial District Court of Dallas County, Texas, against Aurora Loan Sevices, LLC (Aurora), Mortgage Electronic Registration Systems, Inc. (MERS), and Cal-Western Reconveyance Corporation (Cal-Western) (collectively Defendants), on May 2, 2011.  (*Id.* at 1.)  On June 8, 2011, Aurora removed the action on the basis of diversity jurisdiction.  (*Id.* at 1–10.)

Plaintiff's complaint, filed in state court, consists of an original petition (the first petition) with an affidavit in support (*Id.* at 23–37) and a second original petition (the second petition) with an affidavit in support (doc. 1-1 at 2–21). The petitions, taken together, assert claims for breach of contract, wrongful foreclosure, quiet title, trespass to try title, fraud, fraudulent inducement, and negligence, as well as violations of the Texas Debt Collection Act (TDCA), the Texas Business and Commerce Code (TBCC), and the Texas Finance Code (TFC). (doc. 1 at 23, 26, 33; doc. 1-1 at 4, 6.) They also request the Court to award Plaintiff clear and uncontested title and possession of the property, enter a declaratory judgment in her favor, and enjoin Defendants from foreclosing on, or otherwise taking possession of, or disturbing or attempting to disturb her peaceful possession and enjoyment of, the property. (doc. 1 at 26–28; doc. 1-1 at 4–5.)

Plaintiff's first petition alleges that she is the record owner of the property, that she executed a note and deed of trust in favor of Long Beach Mortgage Company (Long Beach) on or about May 10, 2010, and that Aurora has been identifying itself as the mortgagee or holder of the note and deed of trust as well as the mortgage servicer. (doc. 1 at 25.) The affidavit in support of the first petition alleges that Plaintiff "was induced into a contract without a full disclosure by an attorney that was hired and appeared in a jurisdiction without [her] consent . . . which is considered to be an act of fraud to take money out or from [her] account (social security number)." (*Id.* at 33.) The affidavit invokes her constitutional rights and her individual liberties granted by the state and federal constitutions and invokes "freedom of contract" as "a basic and fundamental right reserved to the people by the Fifth and Fourteenth Amendments to the Constitution." (*Id.* at 32.) It also makes vague references to the "eternal and unchanging principles of the laws of Commerce," stating that under commercial law, "[a] workman is worthy of his hire," "[a]ll are equal under the law," and that

2

an un-rebutted affidavit "stand[s] as truth" and "becomes Judgment in commerce." (*Id.* at 33–34.)

The second petition disputes Defendants' ownership of the property, claiming that Plaintiff owns the property and the original promissory note, and that she has not assigned or transferred the promissory note "for another's personal benefit." (doc. 1-1 at 3–4.) It alleges that Defendants falsely claim Plaintiff has a contract with them and owes them money. (*Id.* at 3, 6.) It also alleges that Defendants have committed fraud by preparing and submitting known false documents with the intention to deprive Plaintiff of money and property. (*Id.* at 6.) It claims that their "corporate charter" does not allow them to sue in foreclosure of consumer debt, and that they proceeded with the foreclosure proceedings despite representing that "the foreclosure process would not proceed," "after submitting an interior appraisal and foreclosure postponement to Plaintiff," and despite accepting "short sale for [P]laintiff's property in lieu of foreclosure." (*Id.* at 3.) Plaintiff has allegedly suffered $75,000 in "loss of equity" due to Defendants' "wrongful foreclosure, breach of contract, fraud, and negligence." (*Id.* at 4.)

The affidavit in support of the second petition states that Plaintiff did not receive any document verifying Defendants' ownership of the property or showing that they are "a bona fide holder in due course" of the promissory note. (*Id.* at 15.) The affidavit avers that Aurora and MERS induced Plaintiff into signing a security instrument and deed of trust, dated March 10, 2000, compelled her into procuring mortgage insurance with themselves as beneficiaries, and failed to disclose that the "funding of the note was created/obtained" through her signature on the note which they "arbitrarily and deceitfully" claimed as their own. (*Id.* at 15–16.) It claims that Aurora and MERS "did not in fact operate with clean hands or in good faith" and that they "arbitrarily and discretely stole Plaintiff's note/mortgage." (*Id.* at 17.) It also claims that Aurora and MERS did not

fulfill their original promise and agreement to lend their own money and fraudulently claimed to

have loaned their own money to Plaintiff.  (*Id.*)  It further claims that Plaintiff "was never provided

full, complete and truthful disclosure regarding all financial instruments she was compelled to sign,"

and was not apprised of "the very nature and exact particulars of the Bank's entire process."  (*Id.*

at 18.)  The affidavit finally claims that Plaintiff did not receive notice of trustee's sale as required

by the deed of trust.  (*Id.* at 19.)

Defendants now move to dismiss the first and second petitions[1] under Fed. R. Civ. P.

12(b)(6) and Fed. R. Civ. P. 9(b) for failure to state a claim upon which relief can be granted.  (*See*

doc. 15.)  Cal-Western also moves the Court to dismiss it as a party pursuant to § 51.007 of the

Texas Property Code.  Plaintiff has not responded, and the motions are now ripe for determination.

## II.  MOTION TO DISMISS CLAIMS

Defendants move to dimiss all of Plaintiff's claims for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure.  (*See* doc. 1.)  They also move to dismiss Plaintiff's

fraud and fraudulent inducement claims for failure to plead them with particularity as required by

Rule 9(b).  (*Id.*)

### A.  Legal Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely

granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court

cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker*

---

[1]  Defendants argue that Plaintiff's affidavits (filed simultaneously with her petitions) should be stricken because they allege statements not contained in Plaintiff's petitions and are not supported by evidence. (doc. 15 at 16–17.) Because Plaintiff is proceeding *pro se* and filed the affidavits simultaneously with the petitions, the affidavits will be considered part of the pleadings.  The outcome of this motion remains the same with or without consideration of the affidavits.

*v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Pleadings must show specific, well-pleaded facts, not

mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th

Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most

favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even

if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery

is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation

omitted).  Although "detailed factual allegations" are not necessary, a plaintiff must provide "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*,

550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when

it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the miscon-
> duct alleged.  The plausibility standard is not akin to a "probability requirement," but
> it asks for more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are "merely consistent with" a defendant's liabil-
> ity, it "stops short of the line between possibility and plausibility of 'entitlement to
> relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When plaintiffs "have not nudged their claims across

the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at

570; *accord Iqbal*, 129 S. Ct. at 1950–51.

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the

same as a Rule 12(b)(6) dismissal for failure to state a claim.  *McCall v. Genentech, Inc.*, 2011 WL

2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).  Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity.  *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010).  "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

## B. Wrongful Foreclosure

Defendants argue that Plaintiff's wrongful foreclosure claim is without merit because no foreclosure took place.  (Mot. Br. at 8–9.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale.  *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)).  "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.); *accord Pollett v. Aurora Loan Servs.*, 2011 WL 6412051, at *1 (5th Cir. 2011).  "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater,

J.).  Because an inadequate selling price is a necessary element of a wrongful foreclosure action, "a foreclosure sale is a precondition to recovery."  *Id.*

Here, there are no allegations that a foreclosure sale took place, much less any allegations that a defect in the foreclosure proceedings led to an in adequate selling price.[2]  The wrongful foreclosure claim must therefore be dismissed for failure to state a claim.

## C.  Breach of Contract

Defendants seek dismissal of Plaintiff's breach of contract claim for failure to allege any of the required elements of the claim.  (doc. 15 at 13.)

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Plaintiff has failed to sufficiently allege the first element of her breach of contract claim.  While she claims that she did not receive notice of the trustee's or foreclosure sale as required by the deed of trust, she denies the existence of a contract between herself and any of the defendants, denies that the promissory note and deed of trust executed in favor of Long Beach were ever assigned or transferred to Defendants, and denies that Defendants were a bona fide holder in due course of the promissory note.  Even if she has sufficiently alleged the existence of a contract, she has not alleged either performance or tendered performance under the contract.  Defendants are therefore entitled to dismissal of her breach of contract claim for failure to state a claim.

---

[2]  On May 2, 2011, the state court entered a temporary restraining order (TRO) prohibiting Defendants from holding a trustee's sale or a foreclosure sale of the property at issue.  (doc. 1-1 at 27–28.)

### D.  Ordinary Negligence

Defendants also argue that Plaintiff has failed to allege the required elements of her ordinary negligence claim.  (doc. 15 at 13–14.)

The elements of a negligence cause of action under Texas law are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).  While Plaintiff makes a generalized and conclusory allegation that she suffered $75,000 in loss of equity due to Defendants' wrongful foreclosure, breach of contract, fraud, and negligence, she has failed to explain how she suffered that loss and has failed to specify any other facts in support of her negligence claim.  Her negligence claim must therefore be dismissed for failure to state a claim.

### E.  Negligent Misrepresentation

Defendants also argue that Plaintiff has failed to allege the required elements of  a negligent misrepresentation claim, if any.  (doc. 15 at 13–14.)

A claim for negligent representation under Texas law consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.  *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391 (5th Cir. 2005); *see also Nazareth Int'l. Inc. v. J.C. Penney Co.*, 287 S.W.3d 452, 460 (Tex. App.—Dallas 2009, pet. denied).

Here, Plaintiff fails to explain how Defendants harmed her rights by any acts or omissions.

Although she alleges that Defendants misrepresented that "the foreclosure process would not proceed," the misrepresentation, if any, concerned future conduct, and not an existing fact. Only a misrepresentation of existing fact is actionable as a negligent misrepresentation claim. *See Byrd v. Chase Home Fin.*, LLC, 2011 WL 5220421, at *4 (N.D. Tex. Oct. 31, 2011) (citing *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). In short, Plaintiff has failed to state a negligent misrepresentation claim against Defendants. *See id.* (reaching same conclusion where the alleged misrepresentation was "there would be no such sale").

## F.  Fraud and Fraudulent Inducement

Defendants seek dismissal of Plaintiff's fraud and fraudulent inducement claim on the ground that she has failed to meet the heightened pleading requirements of Rule 9(b).  (doc. 15 at 14–16.)

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  To state a claim for fraudulent inducement under Texas law, a plaintiff must prove the basic elements of fraud as well as an underlying contract which was induced.  *Kevin M. Ehringer Enters., Inc. v. McData*, 646 F.3d 321, 325 (5th Cir. 2011) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998); *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001)).  A fraud and fraudulent inducement claim are both subject to the

heightened pleading requirement of Rule 9(b). *Potter*, 607 F.3d at 1032.

With respect to her fraud and fraudulent inducement claims, Plaintiff alleges that she "was induced into a contract without a full disclosure by an attorney that was hired and appeared in a jurisdiction without [her] consent . . . which is considered to be an act of fraud to take money out or from [her] account (social security number)."  (doc. 1 at 33.)   Plaintiff also alleges that Defendants induced her into signing a security instrument and deed of trust, dated March 10, 2000, and compelled her into procuring mortgage insurance with themselves as beneficiaries.  (doc. 1-1 at 15–16.)  She claims that she "was never provided full, complete and truthful disclosure regarding all financial instruments she was compelled to sign," and was not apprised of "the very nature and exact particulars of the . . . entire process."  (*Id.* at 18.)  Plaintiff further claims that Defendants fraudulently claimed to have loaned their own money to Plaintiff.  (*Id.* at 17.)

Given her vague and conclusory allegations, Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b) with respect to her fraud and fraudulent inducement claim. Specifically, she has failed to lay out "the who, what, when, where, and how" with respect to her fraud and fraudulent inducement claims.  *Benchmark Electronics*, 343 F.3d at 724.  As noted, "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams*, 112 F.3d at 177.  Plaintiff's fraud and fraudulent inducement claims must be dismissed for failure to meet the heightened pleading requirements of Rule 9(b).

## G.  TDCA, TBCC, and TFC Violations

Regarding Plaintiff's claimed violations of the TDCA, TBCC, and TFC, Defendants argue

that Plaintiff only names the three statutes without elaborating on any alleged violations.  (doc. 15 at 18.)  Since Plaintiff has failed to identify the specific provisions allegedly violated and has failed to allege any facts in support, Defendants are not on fair notice of the claims being asserted against them, and the Court cannot draw a reasonable inference that Defendants are liable for the misconduct alleged.  Plaintiff has failed to state a claim under the TDCA, TBCC and TFC as well.

**H.  Quiet Title and Trespass to Try Title**

Defendants argue that Plaintiff's quiet title and trespass to try title claims should be dismissed because they are equitable in nature and Plaintiff has an adequate legal remedy.  (doc. 15 at 18–19.) Defendants rely on *Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 712 (5th Cir. 1951) to argue that when a plaintiff has good legal title, she has an adequate and complete remedy at law and no state statute will entitle her to pursue equitable remedies such as a suit to quiet title and for trespass to try title.  (doc. 15 at 19.)  *Humble Oil* held, however, that when "the defendant is in possession of realty and the plaintiff has a good legal title, the latter has a plain, adequate, and complete remedy at law, and no state statute will entitle him to proceed in a suit of an equitable nature."  191 F.2d at 712.  Here, even if the claims are equitable in nature, and even if Plaintiff has good legal title, there is no indication that Defendants are in possession of the property. The Court therefore declines to dismiss the claims under the decision in *Humble Oil*.

The claims are subject to dismissal for failure to state a claim, however.  A suit to quiet title, also known as a suit to remove cloud from title, "relies on the invalidity of the defendants claim to property."  *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  To prevail on a suit to quiet title, a plaintiff must show that: (1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the

11

claim, although facially valid, is invalid or unenforceable.  *See U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App.— Houston [1st Dist.] Dec. 30, 2011) (citations omitted).  In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference."  *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).  The plaintiff must recover on the strength of his or her own title, not on the weakness of his adversary's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

    "An action in trespass to try title is the method of determining title to lands, tenements, or other real property."  Tex. Prop. Code § 22.001.  "In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession."  *See Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.— Corpus Christi 1978, no writ.) (citing Tex. R. Civ. P. 783).  To prevail on a trespass to try title claim, a plaintiff must "usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned."  *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).  As with a suit to quiet title, "the plaintiff must recover upon the strength of his own title and not the weakness of the defendant's title."  *Rocha*, 574 S.W.2d at 235 (citing *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961); *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

    Other than her vague and conclusory allegations, Plaintiff has failed to allege any facts giving rise to a reasonable inference that she has superior title to the property or that Defendants'

claim to the property is invalid or unenforceable.[3] Her claims for quiet title and trespass to quiet title must be dismissed for failure to state a claim.

## I.  Request for Declaratory Relief

Defendants argue that Plaintiff's request for declaratory judgment cannot proceed in federal court because it is made pursuant to the Texas Declaratory Judgments Act, and even if it could, the request is moot because the foreclosure set for May 3, 2011, was enjoined by the state court and has not been reset.  (doc. 15 at 19–20.)

Plaintiff's petition seeks relief under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code.  "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one." *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  However, in light of removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act"); *Wilkerson v. Citimortgage, Inc.*, 2011 WL 6937382, at *9 (N.D. Tex. Oct. 24, 2011) (construing *pro se* complaint in light of removal to seek a declaratory judgment action under the federal Declaratory Judgment Act).

"In a declaratory judgment action, 'based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties.'" *Bell*, 2012 WL 568755, at *8 (quoting *Bauer*

---

[3] To the extent Plaintiff is attempting to assert any claims under the state and federal constitutions, she has failed to plead those claims as well.

*v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)).  Plaintiff has alleged no facts that would lead to a conclusion that a present controversy exists between Plaintiff and Defendants.  *See id.*  Plaintiff's request for declaratory judgment is therefore denied.  *Id.*; *see also Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5–6 (N.D. Tex. Aug. 16, 2011) (the court, in its discretion, declined to entertain a request for declaratory judgment where plaintiff had not pleaded a plausible substantive claim).  Given this denial, the Court need not determine whether the request has been rendered moot by the TRO dated May 2, 2011.[4]

## J. Opportunity to Amend

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1.  Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted

---

[4] Defendants are also entitled to dismissal of Plaintiff's request for injunctive relief.  "To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Since dismissal of Plaintiff's claims is warranted on the merits, she cannot establish any likelihood of success on the merits. *See id.*

14

the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

In this case, it is proper to dismiss Plaintiff's claims with prejudice without according her an opportunity to amend because Plaintiff has failed to respond to the motion to dismiss and has had ample opportunity to amend her complaint. Accordingly, Defendants' motion to dismiss for failure to state a claim is **GRANTED**, and all of the claims against them are **DISMISSED with prejudice**.

### III.  CAL-WESTERN'S MOTION TO BE DISMISSED AS A PARTY

Cal-Western moves the Court to dismiss it as a party pursuant to § 51.007 of the Texas Property Code. (*See* doc. 13.) Cal-Western reasons that it is named solely in its status as employer for substitute trustee Lorrie Womack and is not a necessary party, it has filed a verified denial, and no party has filed a verified response to the verified denial. (*Id.*)

Because all of the claims against Cal-Western are being dismissed with prejudice pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Cal-Western's motion under § 51.007 of the Texas Property Code is **DENIED as moot**.

### IV.  CONCLUSION

Defendants' motion to dismiss for failure to state a claim is **GRANTED**, and all of the claims against them are **DISMISSED with prejudice**. Defendant Cal-Western's motion to dismiss pursuant to § 51.007 of the Texas Property Code is **DENIED as moot**.

**SO ORDERED on this 19th day of March, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE